## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JANEE WILLIAMS, individually and on behalf of all similarly situated persons,<br><br>     Plaintiff,<br><br>v.<br><br>ELLEVEN45 LOUNGE LLC and DJIBRIL DAFE,<br><br>     Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Janee Williams ("Plaintiff") brings this collective action on behalf of herself and all current or former Cocktail Waitresses and Bottle Waitresses (collectively "Waitresses"), and other similarly situated persons, employed by Defendants Elleven45 Lounge LLC and Djibril Dafe (collectively "Defendants"). In violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a regular and routine practice, Defendants willfully failed to pay Plaintiff and similarly situated persons minimum wage for all hours worked, instead failing to pay them any base rate wage at all.  Plaintiff and those similarly situated received no compensation other than tips and Defendants failed entirely to

1

satisfy the requirements for taking a tip credit under the FLSA. Additionally, Defendants unlawfully withheld tips from Plaintiff and other Waitresses, thereby further violating the FLSA, and constituting a tort of deprivation of possession in violation of O.G.C.A. § 51-10-1 and § 51-10-6. Plaintiff shows the Court as follows:

<u>**NATURE OF THE ACTION**</u>

1.    Plaintiff brings individual and collective claims under the FLSA and alleges on behalf of herself and other current and former Waitresses, and other similarly situated persons, who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action") that:

a.    Plaintiff and the persons who opt into the Minimum Wage Collective (defined herein) are, *inter alia*, entitled to (i) unpaid minimum wages from Defendants for work for which they did not receive proper minimum wage; (ii) liquidated damages with respect to the minimum wages; (iii) interest; and (iv) attorneys' fees and costs; and that

b.    Plaintiff and the persons who opt into the Withheld Tips Collective (defined herein) are entitled to (i) tips withheld in violation of the FLSA and; (ii) liquidated damages with respect to the unlawfully withheld tips; (iii) interest; and (iv) attorneys' fees and costs.

2.      Plaintiff additionally brings individual claims under Georgia law for deprivation of possession and expenses of litigation, including the amount of the loss sustained by Plaintiff, and expenses of litigation, pursuant to O.C.G.A. § 13-6-11.

## JURISDICTION AND VENUE

3.      This is an action for unpaid minimum wages and tips under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

4.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's individual state law claims for deprivation of possession, and expenses of litigation pursuant to O.C.G.A. § 13-6-11, because such claims relate to Plaintiff's employment with Defendants and Defendants' compensation practices, and so are related to Plaintiff's individual and collective FLSA claims that they form part of the same case or controversy.

5.      Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

6.      Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

7.      Defendants employed Plaintiff on and off between approximately May 2017 and June 2020.  During the period between May 2017 and June 2020, Defendants employed Plaintiff for a total of approximately 20 months.  At all relevant times, Plaintiff's title with Defendants was "Cocktail Waitress" or "Bottle Waitress."

8.      Defendant Elleven45 Lounge LLC is a for-profit Georgia corporation with its principal place of business at 2110 Peachtree Street NW, Atlanta, Georgia, 30309.

9.      Defendant Elleven45 Lounge LLC may be served with process through its Registered Agent, Djibril Dafe, who may be served with process at his business address at 4514 Chamblee Dunwoody Road, #189, Atlanta, Georgia, 30338.

10.     On information and belief, Defendant Djibril Dafe is a Georgia resident, who resides and conducts business in the Northern District of Georgia.

11.     Defendant Djibril Dafe may be served with process by delivering a copy of the summons and complaint to his business address at 4514 Chamblee Dunwoody Road, #189, Atlanta, Georgia, 30338.

12.    Defendants are governed by and subject to 29 U.S.C. § 206.

13.    Defendants are governed by and subject to 29 U.S.C. § 203(m)(2)(B).

14.    At all relevant times, Defendants have been, and continue to be, "employer[s]" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

15.    At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

16.    At all relevant times, Defendants have had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

17.    At all relevant times, Defendants have had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

18.    On information and belief, at all relevant times, Defendant Elleven45 Lounge LLC has had an annual gross volume of sales made or business done in excess of $500,000.00.

19.     At all relevant times, Defendants were "employers" of Plaintiff and other similarly situated persons as that term is defined by 29 U.S.C. § 203(d).

20.     At all relevant times, Defendant Dafe asserted control of Defendant Elleven45 Lounge LLC's day-to-day operations at the locations where Plaintiff and similarly situated persons worked, and made the decisions regarding the amount that Plaintiff and similarly situated persons would be compensated, including the decision not to pay Plaintiff and those similarly situated any base wages, and is therefore an employer within the meaning of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of herself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

22.     Plaintiff seeks to represent the following two groups of similarly situated persons pursuant to 29 U.S.C. § 216(b):

a.     First, persons who were, or are, employed by Defendants as Waitresses – or performing materially similar work as Waitresses – at any time within three years prior to the filing of this Complaint and who did not receive minimum wage at the federally mandated rate for every hour worked in a workweek (this is the "Minimum Wage Collective").

6

b.      Second, persons who were, or are, employed by Defendants as

Waitresses at any time from March 23, 2018 to the present, from

whom tips were unlawfully withheld and/or distributed to employees

who were not customarily tipped (this is the "Withheld Tips

Collective.")

23.     The Minimum Wage Collective and the Withheld Tips Collective are

so numerous that joinder of all members is impracticable.  Although the precise

number of such persons is unknown, and the facts upon which the calculation of

that number is dependent are in the sole possession of Defendants, upon

information and belief, there are more than 25 members in the Minimum Wage

Collective and the Withheld Tips Collective, most of whom would not be likely to

file individual suits because they lack adequate financial resources, access to

attorneys, and/or knowledge of their claims.

24.     Plaintiff will fairly and adequately protect the interests of the

members of the Minimum Wage Collective and the Withheld Tips Collective and

has retained counsel who is experienced and competent in the fields of wage and

hour law and collective action litigation.

25.     Questions of law and fact common to the members of the Minimum

Wage Collective and the Withheld Tips Collective predominate over questions that

may affect only individual members because Defendants have acted on grounds generally applicable to all members of the Minimum Wage Collective and the Withheld Tips Collective.

## STATEMENT OF FACTS

26.    Defendant Elleven45 Lounge LLC is a club that serves food and alcohol to patrons.

27.    Defendant Dafe owns Defendant Elleven45 Lounge LLC and manages and controls its day-to-day operations.

28.    Plaintiff worked for Defendants as a Cocktail Waitress and Bottle Waitress on and off from approximately May 2017 to June 2020.  She first worked for Defendants from approximately May 2017 to November 2017 as a Cocktail Waitress and then a Bottle Waitress.  She then worked for Defendants again from approximately August 2018 to November 2018 as a Bottle Waitress.  Finally, Plaintiff worked for Defendants again from approximately July 2019 to June 2020 as a Bottle Waitress.

29.    Cocktail Waitresses and Bottle Waitresses performed the exact same job duties except that Bottle Waitresses were guaranteed sections of the club while Cocktail Waitresses were not.

30.     Plaintiff customarily was scheduled to work on Tuesdays, Fridays and Saturdays from 9:00-10:00 PM to 3:00 AM, and sometimes was scheduled to work on Sundays from 2:00 PM to 12:00 AM.   Plaintiff sometimes worked past her scheduled hours.

31.     Plaintiff estimates that she worked, on average, 24 hours per week.

32.     At all relevant times, Plaintiff and other Waitresses were non-exempt employees of Defendants under the FLSA.

33.     Plaintiff and other Waitresses serviced the VIP sections of the lounge and patrons with alcoholic beverages, soft drinks and food.

34.     Plaintiff and other Waitresses did not receive any base wages whatsoever for their work with Defendants.

35.     Plaintiff and other Waitresses did not receive base wages of $2.13 per hour for all hours worked.

36.     The only form of compensation Plaintiff and other Waitresses received for their time worked was tips from customers.

37.     Each and every week that Plaintiff worked for Defendants, she did not receive any base wages, and did not receive base wages of $2.13 per hour.

38.     Over the course of Plaintiff's employment with Defendants, Plaintiff was required to purchase multiple work uniforms, for costs ranging from

9

approximately $55.00-$85.00, using her own money. Plaintiff estimates that she was required to buy upwards of 20 uniforms throughout her employment. Upon information and belief, other Waitresses were required to do the same. The price of these required uniforms, which Plaintiff and other Waitresses were forced to purchase themselves, further reduced their wages below minimum wage.

39.    Of the tips that they received, Plaintiff and other Waitresses were required to "tip out." During this "tip out" process, Plaintiff would frequently retain approximately half or less than half of the tips that she received from customers while on her shift, and, on information and belief, a substantial percentage of Plaintiff's tips were converted to management and/or employees who did not customarily and regularly receive tips. On information and belief, this same practice occurred with respect to the other Waitresses.

40.    Defendants regularly, and as a routine policy and practice, failed to pay Plaintiff and other Waitresses either (a) the base wage of $2.13 per hour required for tipped workers; or (b) the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

41.    Defendants did not provide Plaintiff and other Waitresses with a disclosure compliant with 29 C.F.R. sections 531.54 and 531.59(b), which require

that employers, in advance of taking the tip credit, inform employees of certain information, which must include:

    a.    The amount of the cash wage to be paid by the employer to the tipped employee;

    b.    The additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee;

    c.    That all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips;

    d.    That the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit; and

    e.    For employers that require tip pools, any required tip-pool contribution amount.

42.    Defendants additionally failed to provide Plaintiff with pay stubs and, on information and belief, failed to provide other Waitresses pay stubs.

43.    Defendants failed utterly to meet the requirements of taking a tip credit under the FLSA for Plaintiff and other Waitresses.

44.     Defendants are liable to Plaintiff and members of the Minimum Wage Collective for, *inter alia*, the full amount of minimum wages at the rate of $7.25 per hour for all hours worked during the statutory period.

45.     On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

46.     Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees at least minimum wage at the rate of $7.25 per hour for all hours worked in a workweek.

47.     Defendants' failure to pay Plaintiff and other members of the Minimum Wage Collective minimum wage at the rate required by the FLSA was willful and was not in good faith.

48.     As a result of the unlawful acts of Defendants, Plaintiff and members of the Minimum Wage Collective have been deprived of minimum wages for all hours worked in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

49.     Defendants are further liable to Plaintiff and members of the Withheld Tips Collective for, *inter alia*, the full amount of tips unlawfully withheld from the period from March 23, 2018 to present.

50.    Defendants' unlawful withholding of tips from Plaintiff and other members of the Withheld Tips Collective was willful and was not in good faith.

51.    As a result of the unlawful acts of Defendants, Plaintiff and members of the Withheld Tips Collective have been deprived of all tips earned in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs

## COUNT I
### (Individual FLSA Claim Asserted By Plaintiff Against Both Defendants)
### Willful Failure To Pay Minimum Wage In Violation Of The FLSA

52.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

53.    At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

54.    At all relevant times, Plaintiff and other members of the Minimum Wage Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

55.    Upon information and belief, Defendants have had gross annual revenues in excess of $500,000.00.

56.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

57.     At all relevant times, Defendant Dafe asserted control of Defendant Elleven45 Lounge LLC's day-to-day operations at the locations where Plaintiff and other Waitresses worked, and made the decisions regarding the amount that Plaintiff and other Waitresses would be compensated, including the decision not to pay Plaintiff and those similarly situated any base wages, and is therefore an employer within the meaning of the FLSA.

58.     The minimum wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the Minimum Wage Collective.

59.     The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiff and other members of the Minimum Wage Collective, at the federal minimum wage for each hour worked.

60.     Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff either (a) the base wage of $2.13 per hour required for tipped workers; or (b) the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

61.     Defendants further failed to provide Plaintiff and other Waitresses with a disclosure compliant with 29 C.F.R. sections 531.54 and 531.59(b).

62.    As a consequence, Defendant is liable to Plaintiff for, *inter alia*, the full amount of minimum wages at the rate of $7.25 per hour for all hours worked during the statutory period.

63.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

65.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages for each workweek within the limitations period, and an additional and equal amount of liquidated damages for Defendants' violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

15

**COUNT II**
**(Collective FLSA Claim Asserted Against Both Defendants)**
**Willful Failure To Pay Minimum Wages In Violation Of The FLSA**

66.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

67.    Plaintiff seeks to represent the following collective group of employees who Defendants failed to pay all minimum wages due:

> All persons who were, or are, employed by Defendants as Waitresses – or performing materially similar work as Waitresses – at any time within three years prior to the filing of this Complaint and who did not receive minimum wage at the federally mandated rate for every hour worked in a workweek.

This is the "Minimum Wage Collective."

68.    At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 206.

69.    At all relevant times, Plaintiff and other members of the Minimum Wage Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

70.    Upon information and belief, Defendants have had gross annual revenues in excess of $500,000.00.

71.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and members of the Minimum Wage Collective within the meaning of the FLSA.

72.    At all relevant times, Defendant Dafe asserted control of Defendant Elleven45 Lounge LLC's day-to-day operations at the locations where Plaintiff and the Minimum Wage Collective worked, and made the decisions regarding the amount that Plaintiff and the Minimum Wage Collective would be compensated, including the decision not to pay Plaintiff and the Minimum Wage Collective any base wages, and is therefore an employer within the meaning of the FLSA.

73.    The minimum wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the Minimum Wage Collective.

74.    The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Plaintiff and other members of the Minimum Wage Collective, at the federal minimum wage for each hour worked.

75.    Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and other members of the Minimum Wage Collective the minimum wage of $7.25 per hour for all hours worked in each workweek.

17

76.    Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and other Waitresses either (a) the base wage of $2.13 per hour required for tipped workers; or (b) the federal minimum wage of $7.25 per hour for all hours worked in a workweek.

77.    Defendants further failed to provide Plaintiff and other Waitresses with a disclosure compliant with 29 C.F.R. sections 531.54 and 531.59(b).

78.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

79.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other members of the Minimum Wage Collective.

80.    Due to Defendants' FLSA violations, Plaintiff and other members of the Minimum Wage Collective are entitled to recover from Defendants their unpaid minimum wages for each workweek within the limitations period, and an additional and equal amount of liquidated damages for Defendants' violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## COUNT III
## (Individual Claim Asserted Against Both Defendants)
## <u>Tip Theft In Violation Of The FLSA</u>

81.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

82.    At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA.

83.    At all relevant times, Plaintiff and other Waitresses were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

84.    Upon information and belief, Defendants have had gross annual revenues in excess of $500,000.00.

85.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and other Waitresses within the meaning of the FLSA.

86.    At all relevant times, Defendant Dafe asserted control of Defendant Elleven45 Lounge LLC's day-to-day operations at the locations where Plaintiff and other Waitresses worked, and made the decisions regarding the amount that Plaintiff and other Waitresses would be compensated, including the decision to withhold tips from Plaintiff and other Waitresses and improperly distribute them among

employees who are not customarily tipped and is therefore an employer within the meaning of the FLSA.

87.    The tipped wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the FLSA Collective.

88.    The FLSA forbids employers, such as Defendants, from keeping tips from its employees, such as Plaintiff and other Waitresses, regardless of whether or not the employer takes a tip credit.

89.    The FLSA forbids employers, such as Defendants, who seek to take a tip credit from distributing employees' tips to employees who do not customarily and regularly receive tips.

90.    Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by keeping tips from its employees in a manner not consistent with a valid tip pooling arrangement.

91.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 203(m)(2)(B).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

92.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other Waitresses.

93.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants all such tips unlawfully withheld, an additional equal amount as liquidated damages, interest, and attorneys' fees and costs.

**COUNT IV**
**(Collective FLSA Claim Asserted Against Both Defendants)**
**Tip Theft In Violation Of The FLSA**

94.    Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

95.    Plaintiff seeks to represent the following collective group of employees:

> All persons who were, or are, employed by Defendants as Waitresses at any time from March 23, 2018 to the present from whom tips were unlawfully withheld and/or distributed to employees who were not customarily tipped.

This is the "Withheld Tips Collective."

96.    At all relevant times, Defendants were, and continue to be, employers engaged in commerce within the meaning of the FLSA.

97.    At all relevant times, Plaintiff and other members of the Withheld Tips Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

98.    Upon information and belief, Defendants have had gross revenues in excess of $500,000.00.

21

99.    At all relevant times, Defendants employed, and/or continue to employ, members of the Withheld Tips Collective within the meaning of the FLSA.

100.    At all relevant times, Defendant Dafe asserted control of Defendant Elleven45 Lounge LLC's day-to-day operations at the locations where Plaintiff and the Withheld Tips Collective worked, and made the decisions regarding the amount that Plaintiff and the Withheld Tips Collective would be compensated, including the decision to withhold tips and improperly distribute them among employees who were not customarily tipped, and is therefore an employer within the meaning of the FLSA.

101.    The tipped wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the Withheld Tips Collective.

102.    The FLSA forbids employers, such as Defendants, from keeping tips from its employees, such as Plaintiff and other members of the Withheld Tips Collective, regardless of whether or not the employer takes a tip credit.

103.    The FLSA forbids employers, such as Defendants, who seek to take a tip credit from distributing employees' tips to employees who do not customarily and regularly receive tips.

104.    Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by keeping tips from its employees in a manner not consistent with a valid tip pooling arrangement.

105.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

106.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other members of the Withheld Tips Collective.

107.    Due to Defendants' FLSA violations, Plaintiff and other members of the Withheld Tips Collective are entitled to recover from Defendants the amount of the sum of all such tips unlawfully withheld, and an additional and equal amount of liquidated damages for Defendants' violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

**COUNT V**
**(Individual Claim Asserted By Plaintiff Against**
**Defendant Elleven45 Lounge LLC)**
**Deprivation Of Possession**

108.  Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

109.  Plaintiff has a legal right to all tips unlawfully withheld from her by Defendant Elleven45 Lounge LLC.

110.  Defendant Elleven45 Lounge LLC has no legal claim to the tips it illegally withheld from Plaintiff.

111.  Defendant Elleven45 Lounge LLC acted willfully and maliciously in withholding tips from the Plaintiff over a period of years while she was employed with Defendant.

112.  As a result of this deprivation of possession, Plaintiff has been harmed in the amount of tips unlawfully withheld, to be determined following a full review of Defendants' records.

113.  Plaintiff is entitled to recover compensatory damages, including any other loss sustained as a result of the willful deprivation of property and the cost of maintaining the civil action.

**COUNT VI**
**(Individual Claim Asserted By Plaintiff Against**
**Defendant Elleven45 Lounge LLC)**
**Expenses Of Litigation Pursuant To O.C.G.A. § 13-6-11**

114. Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

115. Defendant Elleven45 Lounge LLC's tortious conduct as described herein was in bad faith and caused Plaintiff unnecessary trouble and expense.

116. Pursuant to O.C.G.A. § 13-6-11, Defendant Elleven45 Lounge LLC is liable for Plaintiff's expenses of litigation with respect to her deprivation of possession claim, including reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all members of the Minimum Wage Collective and the Withheld Tips Collective who join this action demand a **TRIAL BY JURY** and the following relief:

a) Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Defendants during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing

individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)      A declaratory judgment that the Defendants' practices complained of herein are unlawful under the FLSA;

c)      An award of unpaid minimum wages due under the FLSA to Plaintiff and the Minimum Wage Collective;

d)      An award of liquidated damages as a result of Defendants' failure to pay minimum wages to Plaintiff and the Minimum Wage Collective;

e)      An award in the amount of the unlawfully withheld tips in violation of the FLSA to Plaintiff and the Withheld Tips Collective;

f)      An award of liquidated damages as a result of Defendants' unlawful withholding of tips to Plaintiff and the Withheld Tips Collective;

g)      With respect to Plaintiff's state law claim for deprivation of possession, an award in the total amount of unlawfully withheld tips;

h)      An award of compensatory damages to Plaintiff as a result of Defendant Elleven45 Lounge LLC's deprivation of possession;

i)      An award of prejudgment and post-judgment interest; and

j)      An award of costs and expenses of this action, including reasonable attorneys' and expert fees.

Dated this 1st day of July 2020.

Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue
Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com